UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) DEANA MARTIN and<br>(2) TATIANA FRIDKES, a/k/a "Sonya,"<br><br>Defendants | Criminal No. 19Cr 40017<br><br>Violations:<br><br>Count One: Conspiracy to Distribute and to Possess with Intent to Distribute 100 Kilograms or More of Marijuana<br>(21 U.S.C. § 846)<br><br>Count Two: Possession with Intent to Distribute 100 Kilograms or More of Marijuana; Aiding and Abetting<br>(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii); 18 U.S.C. § 2)<br><br>Counts Three and Five: Money Laundering<br>(18 U.S.C. § 1957)<br><br>Count Four: Money Laundering<br>(18 U.S.C. § 1956(a)(1)(B)(i))<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853)<br><br>Money Laundering Forfeiture Allegations<br>(18 U.S.C. § 982(a)(1)) |

SEALED

## INDICTMENT

### COUNT ONE
Conspiracy to Distribute and to Possess with Intent to
Distribute 100 Kilograms or More of Marijuana
(21 U.S.C. § 846)

The Grand Jury charges:

From in or about April 2015 through in or about August 2018, in the District of

Massachusetts, and elsewhere, the defendants,

1

(1) DEANA MARTIN and (2) TATIANA FRIDKES, a/k/a "Sonya,"

conspired with each other and with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count One involved 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(vii) is applicable to this Count.

It is further alleged that, with respect to Count One, 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, were reasonably foreseeable by, and are attributable to, (1) DEANA MARTIN and (2) TATIANA FRIDKES, a/k/a "Sonya." Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(vii) is applicable to defendants (1) DEANA MARTIN and (2) TATIANA FRIDKES, a/k/a "Sonya."

All in violation of Title 21, United States Code, Section 846.

Case 4:19-cr-40017-TSH Document 20 Filed 05/16/19 Page 3 of 10

## COUNT TWO
Possession with Intent to Distribute 100 Kilograms or More of Marijuana; Aiding and Abetting
(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about August 2, 2018, in Boston, in the District of Massachusetts, the defendant,

(1) DEANA MARTIN,

did knowingly and intentionally possess with intent to distribute 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vii), and Title 18, United States Code, Section 2.

3

## COUNT THREE
Money Laundering
(18 U.S.C. § 1957)

The Grand Jury further charges:

On or about March 16, 2018, in the District of Massachusetts, the defendant,

(1) DEANA MARTIN,

knowingly engaged and attempted to engage in a monetary transaction in criminally derived property of a value greater than $10,000, that is, the withdrawal of $345,000, where such property was derived from specified unlawful activity, that is, conspiracy to distribute and to possess with intent to distribute marijuana, in violation of Title 21, United States Code, Section 846 as charged in Count One.

All in violation of Title 18, United States Code, Section 1957.

## COUNT FOUR
Money Laundering
(18 U.S.C. § 1956(a)(1)(B)(i))

The Grand Jury further charges:

On or about June 7, 2018, in the District of Massachusetts, the defendant,

(1) DEANA MARTIN,

conducted and attempted to conduct a financial transaction, to wit, depositing a check for $270,000 into an account in the name of BICOASTAL EVENTS LLC, knowing that the property involved in such transaction represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, conspiracy to distribute and to possess with intent to distribute marijuana as charged in Count One, and knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## COUNT FIVE
## Money Laundering
## (18 U.S.C. § 1957)

The Grand Jury further charges:

On or about July 9, 2018, in the District of Massachusetts, the defendant,

(1)     DEANA MARTIN,

knowingly engaged and attempted to engage in a monetary transaction in criminally derived property of a value greater than $10,000, that is, the withdrawal of $42,253.44, where such property was derived from specified unlawful activity, that is, conspiracy to distribute and to possess with intent to distribute marijuana, in violation of Title 21, United States Code, Section 846 as charged in Count One.

All in violation of Title 18, United States Code, Section 1957.

## DRUG FORFEITURE ALLEGATION
## (21 U.S.C. § 853)

The Grand Jury further finds that:

1. Upon conviction of one or more of the offenses in violation of Title 21, United States Code, Section 846 or 841, set forth in Counts One and Two of this Indictment, the defendants,

(1) DEANA MARTIN and (2) TATIANA FRIDKES, a/k/a "Sonya,"

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses. The property to be forfeited includes, but is not limited to, the following asset:

    a. the real property located at 1421 Canton Avenue, Milton, Massachusetts, including all buildings, appurtenances, and improvements thereon, more particularly described in a Quitclaim Deed recorded in Book 23583, Page 582 at the Norfolk Registry of Deeds.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of either defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

    All pursuant to Title 21, United States Code, Section 853.

## MONEY LAUNDERING FORFEITURE ALLEGATION
## (18 U.S.C. § 982(a)(1))

The Grand Jury further finds that:

1. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1956, or 1957, set forth in Counts Three through Five of this Indictment, the defendant,

### (1) DEANA MARTIN

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

   a. the real property located at 1421 Canton Avenue, Milton, Massachusetts, including all buildings, appurtenances, and improvements thereon, more particularly described in a Quitclaim Deed recorded in Book 23583, Page 582 at the Norfolk Registry of Deeds.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

_____
FOREPERSON


_____
WILLIAM F. ABELY
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS


District of Massachusetts: MAY 16, 2019
Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK

SEALED

10