IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 4:19-cr-40017-TSH |
| | ) | |
| TATIANA FRIDKES | ) | |
| | ) | |
| Defendant | ) | |

MOTION FOR HEARING REGARDING CONFLICTS OF INTEREST

The United States hereby respectfully moves for a hearing to determine if counsel for Defendant has a conflict of interest in representing Defendant Tatiana Fridkes as well as one or more likely witnesses in this matter and, if so, whether such conflict can be resolved via informed waivers. The United States does not anticipate any factual dispute between the parties, and expects that the hearing will be non-evidentiary in nature and will last less than one hour.

Ethical Background

Pursuant to Massachusetts Rule of Professional Conduct 1.7(a), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest, which exists when the representation of one client will be directly adverse to another client or when there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client. Notwithstanding this rule, a lawyer may represent a client despite a concurrent conflict of interest under certain circumstances, including that each client has given informed consent in writing. *See* Massachusetts Rule of Professional Conduct 1.7(b).

Factual Background

Defendant Tatiana Fridkes helped to oversee and manage the operations of Northern Herb, a black-market enterprise that collected more than $15,000,000 in untaxed and unregulated marijuana sales. As charged in Count One of the indictment, Fridkes conspired with co-defendant Deana Martin and others to distribute more than 100 kilograms of marijuana. Fridkes has been represented by present counsel since in or around August 2018.

Fridkes' counsel also represents at least three other former employees of Northern Herb, each of whom is an unindicted co-conspirator of Fridkes and Martin. The United States intends to call one or more of these former employees at trial to give testimony regarding, *inter alia*, (a) the illegal activities of Northern Herb and its employees; (b) Fridkes' management role with Northern Herb; and (c) the quantity of marijuana distributed by Northern Herb. Even if Fridkes were to plead guilty in this matter, the United States intends to rely on the testimony of one or more of these former employees to prove by a preponderance of the evidence that Fridkes was an organizer or leader of a criminal activity that involved five or more participants, and thus that Fridkes should receive a four-level aggravating role enhancement pursuant to U.S. Sentencing Guidelines § 3B1.1.[1]

Specifically, the United States expects that the testimony of the former Northern Employees represented by Fridkes' present counsel would include the following:

- Fridkes was in charge of arranging marijuana deliveries and, at times, personally provided Northern Herb employees with delivery bags containing marijuana that was intended to be delivered to customers;

---

[1] Fridkes is charged with an offense that carries a five-year mandatory minimum sentence. If a preponderance of evidence demonstrates that Fridkes was an organizer, leader, manager, or supervisor of others, she will be ineligible for "safety valve" relief pursuant to 18 U.S.C. § 3553(e).

- Fridkes personally collected and handled cash proceeds derived from Northern Herb marijuana deliveries;

- Fridkes was responsible for paying Northern Herb employees;

- Fridkes worked as the Northern Herb office manager; and

- Fridkes was in charge of Northern Herb operations when Martin was not present.

As of September 13, 2019, neither Fridkes nor any of the three other former employees represented by Fridkes' counsel had executed a signed waiver of any conflict of interest.

## Legal Background

A district court is empowered to assess whether there is an actual conflict of interest in a criminal case and whether to allow a waiver of such conflict by a criminal defendant. *See, e.g., Wheat v. United States*, 486 U.S. 153, 162-63 (1988). While there is a presumption in factor of a defendant's selection of counsel, such presumption may be overcome where there is a "realistic potential for conflict of interest." *In re Grand Jury Proceedings*, 859 F.2d 1021, 1023 (1st Cir.1988).

Courts have recognized that the simultaneous representation of a criminal defendant and a witness against that defendant gives rise to a conflict of interest. *See, e.g., United States v. Daugerdas*, 735 F.Supp.2d 113, 116 (S.D.N.Y. 2010); *United States v. Shepard*, 675 F.2d 977, 979 (8th Cir.1982); *Anwar v. United States*, 648 F.Supp. 820, 826 (N.D.N.Y.1986).[2] Absent a valid waiver of an actual conflict of interest, the conviction of a criminal defendant whose attorney also represented a witness for the prosecution can be reversed on appeal. *See, e.g., United States v. Iorizzo*, 786 F.2d 52, 58 (2d Cir.1986).

---

[2] Indeed, there may be grounds to disqualify a lawyer even where there is not current representation of multiple clients, but where a former client will be testifying in a criminal trial against a current client. *See, e.g., United States v. Culp*, 934 F.Supp 394 (M.D. Fla. 1996).

Courts have also recognized the particular problems that arise when a lawyer who represents both a criminal defendant and a testifying witness cross-examines the witness against that defendant. *See, e.g., United States v. Arias*, 351 F. Supp 3d 198 (D. Mass. 2019) (where a defense attorney needs to cross-examine a witness/client at the criminal trial of another client, the representation is directly adverse and the "conflict here is serious"). *See also Commonwealth v. Martinez*, 425 Mass. 382 (1997) ("[w]hen an attorney simultaneously represents a criminal defendant and a prosecution witness, there is the potential for a serious conflict of interests").

Argument

In sum, Fridkes' counsel will be materially limited in cross-examining or otherwise challenging the testimony of any of his other clients, either at trial or at sentencing. Counsel will be ethically prohibited from utilizing information obtained during confidential client communications in disputing such testimony. Any suggestion by counsel that a client has testified untruthfully, or any other effort to impeach such testimony, would be ethically barred as being directly and materially adverse to that client. However, if counsel in this case declines to challenge the testimony of his other clients, he will be in essence conceding not only that Fridkes participated in a wide-ranging drug conspiracy, but that she played a leadership role in this enterprise.

Conclusion

The foregoing facts establish the existence of a concurrent conflict of interest. The United States respectfully requests a hearing so that the Court may explore (a) whether the affected clients are willing to sign waivers of that conflict; (b) as to Fridkes, whether any such waiver was or would be informed and voluntary; and (c) even assuming the existence of signed

and informed waivers, whether the prerequisites of Massachusetts Rule of Professional Conduct 1.7(b).are met such that present counsel may continue to represent Fridkes in this matter.

                              Respectfully submitted,

                              ANDREW E. LELLING
                              UNITED STATES ATTORNEY

                              By:*/s/   William F. Abely*
                              WILLIAM F. ABELY
                              Assistant U.S. Attorney
                              One Courthouse Way, Suite 9200
                              Boston, Massachusetts 02210
                              William.abely@usdoj.gov

Date: September 18, 2019

## Certificate of Service

I hereby certify that a copy of this filing shall be served via ECF on all registered counsel.

                              */s/ William F. Abely*
                              William F. Abely
                              Assistant United States Attorney

Date:  September 18, 2019

## Rule 7.1 Certification

    I certify that I have conferred with opposing counsel and have attempted in good faith to resolve or narrow the issue.

                              */s/   William F. Abely*
                              William F. Abely
                              Assistant United States Attorney

Date: September 18, 2019